UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOCALS 302 & 612 OF THE
INTERNATIONAL UNION OF
OPERATING ENGINEERS
CONSTRUCTION INDUSTRY HEALTH &
SECURITY FUND, et al.,

        Plaintiffs,

      v.

CHANNEL CONSTRUCTION, INC.,

        Defendant.

CASE NO. C13-1945RAJ

ORDER

This matter comes before the court on Plaintiffs' motion for default judgment. Dkt. # 6. The court GRANTS the motion in part, and enters a default judgment, but for less than the amount Plaintiffs requested. The court further orders Plaintiffs' counsel to file a statement in compliance with this order no later than January 24, 2014.

The court's role in considering a motion for default judgment is not ministerial. The court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must provide evidence to support a claim for a

ORDER – 1

particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the court must conduct a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiffs are a collection of union trust funds along with a single local union that is a beneficiary of those trusts. Their complaint alleges that Defendant, a construction company, agreed to make monthly contributions to the trust funds based on the hours its union employees worked, agreed to pay liquidated damages for any delinquent trust contributions, agreed to pay 12% annual interest on delinquent trust contributions, and agreed to pay audit expenses, attorney fees, and costs. Defendant also agreed to pay monthly contributions to the local union. The court accepts these allegations of the complaint.

To support its claim from damages, Plaintiffs submit Defendant's monthly remittance reports from September and October 2013. Hinkle Decl., Ex. E. Each of those reports reflects contributions owed to each of the three Plaintiff trust funds, as well as dues owing. The reports also reflect amounts owing for something called "LCP." No one attempts to explain what LCP is. On a spreadsheet compiling unpaid amounts, Plaintiffs have claimed the amounts listed as "LCP" on the remittance reports as something called "UP" that is owed to the local union. Hinkle Decl., Ex. F. Again, no one explains what "UP" or "LCP" are. The court's judgment will award nothing corresponding to "UP" or "LCP."

The court observes that this is at least the third time that these Plaintiffs represented by the same counsel have moved for a default judgment that seeks an award for "LCP" or "UP." On at least two previous occasions, the court has pointed out that plaintiffs have offered nothing to justify an award of "LCP" or "UP." *See* Case No. 12-

ORDER – 2

1609RAJ, Dkt. # 12 (Dec. 28, 2012 order), No. 12-1563RAJ, Dkt. # 8 (Dec. 27, 2012 order). Plaintiffs nonetheless persist in making the same request. That practice will stop. If Plaintiffs again request "UP" or "LCP" without providing an adequate explanation of their request, the court will deny their motion for default judgment in its entirety. Moreover, in any case where these Plaintiffs request amounts payable to the trust funds and the local union, the judgment they propose shall segregate the amounts payable to the funds and the local union. In addition, Plaintiffs counsel must file a statement with the court indicating that counsel has read this order and will comply with it in future motions for default judgment before this court.

Plaintiffs have provided adequate evidence that they are entitled to $116,202.59 for unpaid trust fund contributions, $13,977.13 in liquidated damages, and interest (on the unpaid contributions only) through December 5, 2013, of $1,337.08. The local union is entitled to $4,649.84 in unpaid dues. Plaintiffs have provided adequate evidence that they are entitled to attorney fees of $382.50 and costs of $465.00. The clerk shall award default judgment for those amounts.

Plaintiffs' counsel's statement in compliance with this order is due no later than January 24, 2014.

DATED this 3rd day of January, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3